UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ERIC C. WOLF,                                        Civil File No. 08-4901 (PJS/JSM)

       Plaintiff,

      v.                                         **REPORT AND RECOMMENDATION**

R. RIOS, Warden,
F. SILVA, Captain, and
DAVID AGRIMSON, Lt.,

       Defendants.

---

Plaintiff commenced this action by filing a pleading entitled "Civil Rights Complaint Pursuant to Title 28, U.S.C., Section 1331 (A <u>Bivens</u> type action)." (Docket No. 1.) He is seeking a judgment for $750,000.00 against each of the above-named Defendants, for injuries that he allegedly sustained while he was incarcerated at the Federal Correctional Institution in Waseca, Minnesota, ("FCI-Waseca").

The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a cause of action on which relief can be granted, and that this action must therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, (<u>see</u> 28 U.S.C. § 1914(a)), but instead applied for leave to proceed <u>in forma pauperis</u>, ("IFP"). (Docket No. 3.) Plaintiff's complaint and IFP application were accompanied by a payment of $20.00, which presumably was tendered to satisfy the initial partial filing fee requirement prescribed by 28 U.S.C. § 1915(b)(1). For present purposes, the Court will assume that Plaintiff is financially eligible for IFP status, and the case will proceed directly to the screening process mandated by § 1915A.

## I. BACKGROUND

Plaintiff alleges that on March 29, 2008, he was assaulted by a fellow inmate in the "chow hall" at FCI-Waseca. Plaintiff's complaint does not identify the inmate who assaulted him, and it does not describe what (if any) relationship he may have had with that inmate before the assault occurred. The complaint also does not describe any injuries Plaintiff may have sustained as a result of the assault; it alleges only that Plaintiff was "viciously attacked" and "struck in the face."[2]

The three named Defendants in this action are employees of the federal Bureau of Prisons, who were employed at FCI-Waseca when Plaintiff allegedly was assaulted there. Defendant R. Rios is identified as the Warden at FCI-Waseca, Defendant F. Silva is identified as a Captain, and Defendant David Agrimson is identified as a Lieutenant.

"Count I" of Plaintiff's complaint broadly alleges that all three named Defendants "showed Deliberate Indifference toward the safety of the Plaintiff when they failed to discipline the officers and inmate involved in the assault against the Plaintiff," and when they "failed to check to see that their officers under their command were properly placed without the chow hall and doing their jobs properly." (Complaint, p. 3.) In "Count II," it is alleged that Defendants "have shown negligence" by "fail[ing] to adequately place staff within the inmates dining hall," and by "fail[ing] to excercise [sic] 'reasonable ordinary' care to protect prisoners from assault." (Id.) In "Count III," Plaintiff alleges that someone, (presumably Defendants), "fail[ed] to act reasonably," provided "inadequate staffing [and]

---

[2] A declaration filed with the complaint states that Plaintiff suffered "shock, a minor concussion, and permanent nerve damage" to the left side of his face, as well as "damaged vision." (Declaration of Eric C. Wolf, [Docket No. 2], p. 1, ¶ 5.)

limited guard coverage," and "plac[ed] the Plaintiff in Segregation Housing Unit without seeing that he was provided with the proper health care to his injuries." (Id.,pp. 3-4.)

Giving Plaintiff's complaint the benefit of liberal construction, the Court finds that he is attempting to sue Defendants for violating his rights under the Eighth Amendment to the Constitution by (i) not taking proper precautions to ensure that Plaintiff would not be assaulted in the dining hall at FCI-Waseca; (ii) failing to investigate the alleged assault, and failing to discipline the prison officials who allegedly should have protected Plaintiff from being assaulted, but neglected to do so; and (iii) failing to promptly provide medical treatment to Plaintiff for injuries he allegedly sustained during the assault.  It appears that Plaintiff is also attempting to sue Defendants for negligence, because they allegedly failed to take reasonable precautions to ensure that he would not be assaulted.  As previously noted, Plaintiff is seeking a judgment against each named Defendant in the amount of $750,000.00.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading must be screened pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed.  28 U.S.C. § 1915A(b)(1).  In this case, the Court finds that Plaintiff has failed to plead any actionable claim for relief

against any of the three named Defendants.

## A. Eighth Amendment Claims

Although Plaintiff's complaint does not mention any specific constitutional rights, he seems to be claiming that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his safety.  More specifically, he seems to be claiming that Defendants violated the Eighth Amendment by failing to take reasonable precautions to protect him from being harmed by other inmates.

A prison official violates the Eighth Amendment "'if he is deliberately indifferent to the need to protect an inmate from a substantial risk of harm from other inmates.'" Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998), quoting Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997).  To plead an actionable Eighth Amendment failure-to-protect claim, a prisoner must allege facts showing (1) that he was "'incarcerated under conditions imposing a substantial risk of serious harm,'" (Jensen v. Clarke, 94 F.3d 1191, 1197 (8th Cir. 1996), quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)), and (2) that the Defendants who are being sued were actually aware of the risk of serious harm and deliberately ignored it. Jackson, 140 F.3d at 1151.  In other words, the prisoner-plaintiff must plead (and eventually prove) that the named Defendants were actually aware of some particular threat to the prisoner-plaintiff, and deliberately disregarded the danger.  As explained by our Court of Appeals, "to be liable, the accused prison official must have remained deliberately indifferent to an actually known risk of harm to the prisoner."  Williams v. Nebraska State Penitentiary, 57 F.3d 667, 669 (8th Cir. 1995) (emphasis added).  See also Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998) ("[d]eliberate indifference requires a showing that the official knew the risk existed, but disregarded it").

4

In this case, the complaint fails to state an Eighth Amendment failure-to-protect claim, because it does not include any factual allegations showing that any of the Defendants knew about, and deliberately ignored, a substantial risk that another inmate would cause serious harm to Plaintiff.  The complaint does not identify the inmate who allegedly attacked Plaintiff, and there are no allegations suggesting that the alleged attacker posed a foreseeable threat to Plaintiff.  Most importantly, there are no allegations suggesting that any of the named Defendants <u>actually knew</u>, in advance of the alleged assault, that the alleged attacker posed a substantial risk of harm to Plaintiff.  Therefore, Plaintiff's complaint does not state an actionable Eighth Amendment failure-to-protect claim.

Plaintiff also seems to be claiming that Defendants somehow violated his Eighth Amendment rights by not disciplining certain unnamed correctional officers, who allegedly should have responded more promptly, diligently, and sympathetically <u>after</u> the alleged assault occurred.  In a declaration filed with the complaint, Plaintiff states that after he was able to get out of the dining hall where he was being assaulted, "he found two officers who were standing around joking around who finely [sic] yelled at the inmate to desist his attack."  (Declaration of Eric C. Wolf, [Docket No. 2], p. 2, ¶ 8.)  The declaration further states that Defendant Silva "refused to respond to the incident or the accusation of inadequate protection," (<u>id</u>., p. 2, ¶ 10), and that Defendant Rios "has continuously chosen to ignore his responsibility for the staff under his supervision, and refuses to investigate the allegation's [sic] that have been presented, for [sic] to punish those staff members directly involved in allowing the assault to take place," (<u>id</u>., p. 3, ¶ 11).

5

Plaintiff's allegations that Defendants did not properly respond to the assault – after the fact – clearly do not state an actionable Eighth Amendment claim.  Plaintiff may be disappointed by Defendants' reaction to the assault, but their allegedly inadequate reaction, by itself, is not "cruel and unusual punishment" barred by the Eighth Amendment. Furthermore, there are no allegations suggesting that Defendants' alleged failure to diligently investigate the assault, or their alleged failure to discipline their subordinates, caused any new injury to Plaintiff.  See Clark v. Long, 255 F.3d 555, 559 (8th Cir. 2001) ("'to establish a violation of constitutional rights'" in a civil rights action, "'the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury'"), (quoting Butler v. Dowd, 979 F.2d 661, 669 (8th Cir.1992), cert. denied, 508 U.S. 930 (1993)).[3]

Finally, Plaintiff seems to be claiming that Defendants violated his Eighth Amendment rights by not providing prompt medical care for injuries he allegedly sustained as a result of the alleged assault.  However, the facts alleged in the complaint do not support such a claim.

"It has long been established that prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment when the officials are deliberately indifferent to the prisoner's serious medical needs."  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995), citing Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "'To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate

---

[3]  It also should be noted that Defendants' cannot be held vicariously liable for any alleged misconduct of their subordinates, because the doctrine of respondeat superior is not applicable to civil rights claims. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs.'"  Hartsfield v. Colburn, 491 F.3d 394, 396-97 (8th Cir. 2007), cert. denied, 128 S.Ct. 1745 (2008), quoting Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir.1999).   "[W]hen the inmate alleges that the delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured 'by reference to the effect of delay in treatment.'" Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997) (citations omitted).

Thus, in order for Plaintiff to state an actionable Eighth Amendment claim for failure to provide him prompt medical care, his complaint would have to allege facts showing that the individual named Defendants were aware of, and deliberately ignored, an objectively serious medical condition, which was worsened because of Defendants' inaction.  Plaintiff's complaint does not include any such allegations.  The complaint does not allege any facts showing that any of the named Defendants knew that Plaintiff was suffering from any injuries that required prompt medical treatment.  Furthermore, there are no allegations suggesting that Plaintiff had injuries that were exacerbated because of a delay in obtaining medical attention.  See Moots v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006) (prisoner's Eighth Amendment claim failed because he did not allege that he suffered any harm as a result of an alleged delay in receiving medical care).

While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).  See also Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation

7

would have formed a stronger complaint"). Here, the facts alleged in Plaintiff's complaint do not state any actionable Eighth Amendment claim against any of the named Defendants.

### B. Negligence Claim

Plaintiff's complaint and accompanying declaration include numerous allegations of "negligence," and it clearly appears that Plaintiff is attempting to bring a common law negligence claim against Defendants, for not taking proper precautions to protect him from being assaulted. However, Plaintiff cannot sue Defendants for negligence because the remedy provided by the Federal Tort Claims Act, ("FTCA"), is the exclusive remedy available to an individual seeking relief for injuries caused by the negligence of a federal employee acting within the scope of his or her employment. 28 U.S.C. § 2679(b)(1); United States v. Smith, 499 U.S. 160, 163 (1991) ("an FTCA action against the Government [is] the exclusive remedy for torts committed by Government employees in the scope of their employment").

Moreover, Plaintiff's negligence claim against Defendants cannot be construed to be an FTCA claim (against the United States), because there is no indication that Plaintiff has exhausted the FTCA administrative remedy procedure. See Sanders v. United States, 760 F.2d 869, 872 (8th Cir. 1985) ("[t]he timely filing of an administrative claim and exhaustion of administrative remedies are jurisdictional prerequisites to suit under the [FTCA]").[4] Thus, the Court finds that Plaintiff has failed to plead an actionable negligence claim against any of the named Defendants.

---

[4] The administrative remedies for an FTCA claim are different from those provided by the BOP at 28 C.F.R. §§ 542.10, et seq. Therefore, even if Plaintiff has exhausted his BOP administrative remedies, (thereby satisfying 42 U.S.C. § 1997e(a)), that would not make him eligible to bring an FTCA claim here.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cause of action on which relief can be granted. Therefore, this case must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[5] To date, he has paid only $20.00, so he still owes the Clerk of Court $330.00.[6] Lastly, because Plaintiff has failed to plead an actionable claim for relief, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

---

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal")

[6] It appears that Plaintiff is no longer in prison, and therefore the balance of the statutory filing fee cannot be deducted from his prison trust account in the manner contemplated at 28 U.S.C. § 1915(b)(2). Nevertheless, Plaintiff will remain liable for the unpaid balance of the fee, and if he ever returns to prison, the trust account deductions mandated by § 1915(b)(2) will then have to be implemented.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.   Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $330.00; and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated:          October 2, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 20, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.